IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

ROBERT HORTON, individually and on behalf )
of all others similarly situated in Missouri, )
)
        *Plaintiff,* )
)    Case No.
   v. )
)
)
NESTLÉ USA, INC., )
)
        *Defendant.* )
)

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Nestlé USA, Inc. ("Nestlé"), through undersigned counsel, hereby removes the above-captioned action from the Circuit Court for Jackson County, Missouri, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, on the grounds that federal jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).

**I.  PAPERS FROM THE REMOVED ACTION**

1. On December 13, 2016, plaintiff Robert Horton, on behalf of himself and all others similarly situated in Missouri, filed the removed case, *Horton v. Nestlé USA, Inc.*, Case No. 1616-CV29347, in the Circuit Court for Jackson County, Missouri, which is within the United States District Court for the Western District of Missouri.

2. Plaintiff served the December 13, 2016 petition on Nestlé on December 19, 2016. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the summons, notice of case

1

management conference, and petition, served on Nestlé on December 19, 2016 is attached hereto as Exhibit A.

3. On January 5, 2017, plaintiff filed an amended petition in the Circuit Court of Jackson County, Missouri

4. Plaintiff served the amended petition on Nestlé on January 6, 2017. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the summons, amended petition, and discovery requests served on Nestlé on January 6, 2017 is attached hereto as Exhibit B.

5. Attached hereto as Exhibit C are true and correct copies of documents filed in the removed case that have not been served on Nestlé. Collectively, Exhibits A-C constitute the papers filed and served in the removed case.

6. Nestlé did not answer plaintiff's petition or amended petition prior to removal.

## II. NATURE OF REMOVED ACTION

7. Plaintiff alleges that he purchased a Lean Cuisine brand product that featured on the label the statement "No Preservatives" and asserts that the statement is false and misleading because the product (and 11 other Lean Cuisine brand products bearing the same labeling statement) contain citric acid, "a well-known preservative commonly used in commercial food and drink products." Ex. B at ¶¶ 1, 2.

8. Plaintiff asserts causes of action for violation of the Missouri Merchandising Practices Act (Mo. Rev. Stat. § 407.010, *et seq.*) and for unjust enrichment. Ex. B at pp. 13-16.

9. Plaintiff seeks relief on behalf of a purported class of "[a]ll Missouri residents who made retail purchases of the Products during the applicable limitations period." Ex. B at ¶ 39.

10. Plaintiff seeks compensatory damages in the amount of the purchase price paid by

2

the putative class, pre- and post-judgment interest, reasonable and necessary attorneys' fees and costs, and "corrective changes to the packaging and advertising of the Products."  Ex. B at ¶¶ 8, 13-14, Prayer for Relief.

**III.    VENUE**

11.    Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the state court case was pending.

**IV.    REMOVAL IS TIMELY**

12.    The removal is timely under 28 U.S.C. § 1446(b).

13.    Plaintiff filed his petition on December 13, 2016 and served it on Nestlé on December 19, 2016.  Ex. A.  Plaintiff filed his amended petition on January 5, 2017 and served it on Nestlé on January 6, 2017.  Ex. B.

14.    Nestlé filed this notice of removal within thirty (30) days of service, as required by law.  *See*, *e.g.*, *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48 (1999).

**V.    NOTICE TO ADVERSE PARTY AND STATE COURT**

15.    Pursuant to 28 U.S.C. § 1446(d), Nestlé is serving written notice of the removal of this case on plaintiff's counsel:

> Jared A. Rose
> The Law Office of Jared A. Rose
> 919 West 47th Street
> Kansas City, MO 64112
>
> David L. Marcus
> Bartle & Marcus LLC
> 116 West 47th Street, Suite 200
> Kansas City, MO 64112

3

16. Pursuant to 28 U.S.C. § 1446(d), Nestlé will promptly file a notice of this removal filing with the Clerk of the Circuit Court for Jackson County, Missouri.

## VI. BASES FOR REMOVAL

### A. This Court Has Jurisdiction Under CAFA

17. CAFA confers federal jurisdiction over class actions involving: (a) minimal diversity (*i.e.*, diversity between any defendant and any putative class member); (b) at least 100 putative class members; and (c) at least $5 million in controversy, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d). Although the burden rests on the removing party to demonstrate that CAFA's jurisdictional requirements are met, the party opposing jurisdiction under CAFA bears the burden of demonstrating that any exception to CAFA jurisdiction applies. *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010). This case satisfies CAFA's requirements.

#### 1. The Parties Are Minimally Diverse

18. Plaintiff is a citizen of Missouri. Nestlé is a citizen of Delaware and California. This satisfies the minimal diversity requirement.

19. Plaintiff is a citizen of Missouri. Ex. B at ¶ 7. He seeks to represent a class composed of "Missouri residents." Ex. B at ¶ 39. *See Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) (while residence is not the equivalent of citizenship, residence is properly taken as domicile "until facts are adduced to the contrary"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence prima facie evidence of domicile for purposes of determining citizenship).

20. A corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

4

21. The phrase "principal place of business" "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This is the corporation's "nerve center." *Id*. at 81 (internal quotation marks omitted). This "should normally be the place where the corporation maintains its headquarters." *Id*. at 93.

22. At the time of the filing of plaintiff's petition and of this notice of removal, Nestlé was organized under the laws of Delaware and its headquarters were in California. Ex. B at ¶ 9. Accordingly, Nestlé is not a citizen of Missouri.

23. Therefore, the parties are minimally diverse.

### 2. The Proposed Class Exceeds 100

24. For purposes of removal, the Court looks to a plaintiff's allegations respecting class size. *See Brown v. Mortg. Elec. Registration Sys., Inc.*, 738 F.3d 926, 932-33 (8th Cir. 2013).

25. Plaintiff purports to bring a claim on behalf of himself and "[a]ll Missouri residents who made retail purchases of the [12 Lean Cuisine brand] Products during the applicable limitations period." Ex. B at ¶ 39. The applicable limitations period is five years. Mo. Rev. Stat. § 516.120.1(2) (five year limitations for liabilities "created by a statute"). The number of Missouri residents that have purchased the 12 Lean Cuisine brand products at issue in this case (with a retail value exceeding $5,000,000, *see* ¶ 33, *supra*) far exceeds 100. Thus, the proposed class exceeds 100 members.

### 3. The Aggregate Amount in Controversy Exceeds Five Million Dollars

26. Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). "[T]he statute tells the District Court to

5

determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).

27. To determine the amount in controversy, the Court must assume that the allegations in the operative pleading are true and that a jury will return a verdict for the plaintiff on all such claims. *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (internal citation and quotation marks omitted) ("[W]hen determining the amount in controversy, the question 'is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are.'"); *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010) ("The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.").

28. In a notice of removal, the defendant need "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944–45 (8th Cir. 2012) ("The removing party's 'burden of describing how the controversy exceeds $5 million' constitutes 'a pleading requirement, not a demand for proof. Discovery and trial come later.'"). The Court also may consider summary-judgment-type evidence relevant to the amount in controversy. *See Pretka*, 608 F.3d at 755 ("Defendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper."); *Toller v. Sagamore Ins. Co.*, 514 F. Supp. 2d 1111, 1120 (E.D. Ark. 2007).

29. Here, plaintiff alleges that "[t]otal damages in this case, including but not limited to all fees, statutory penalties, and all other damages, will not exceed $4,999,999." Ex. B at ¶ 13.

6

This conclusory assertion is irrelevant to the calculation of the amount in controversy for purposes of determining CAFA jurisdiction. As the Supreme Court clarified in *Standard Fire*, a named plaintiff cannot stipulate to limit the amount in controversy under CAFA "because a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." 133 S. Ct. at 1349.

30. Here, the amount in controversy exceeds $5 million.

31. Plaintiff alleges that he was damaged in an amount of up to the retail price that he paid for the product that he purchased. Ex. B at ¶ 8. Plaintiff also alleges that the value of his claims "is typical of the claim value for each Class member." *Id*. at ¶ 14. The alleged putative class is a class of purchasers of 12 different Lean Cuisine products over a five year period in Missouri. *Id*. at ¶39. Thus, the amount in controversy in this case is at least the total price paid by all consumers in the alleged class for the challenged products over the last five years. *See* 28 U.S.C. § 1332(d)(6); *see also Harrington Enterprises, Inc. v. Safety-Kleen Sys., Inc.*, 42 F. Supp. 3d 1197, 1199 (W.D. Mo. 2013) (compensatory damages properly included in amount in controversy).

32. Defendants may demonstrate the amount in controversy using the sales numbers for a challenged product. *Raskas*, 719 F. 3d at 888. Moreover, in cases involving alleged consumer fraud, state-specific estimates based on population percentages may be used in measuring the amount in controversy for CAFA jurisdiction. *See*, *e.g.*, *McNamee v. Knudsen & Sons, Inc.*, 2016 WL 827942, at *2 (E.D. Mo. Mar. 3, 2016) (accepting estimate of juice sales in Missouri that allowed Missouri's percentage of gross national juice sales based on Missouri's population); *Coleman-Anacleto v. Samsung Electronics Am., Inc.*, Case No. 16-cv-2941 (N.D. Cal. Sept. 12, 2016) (accepting defendant's allocation of 11% of national sales of televisions to

7

California based on California's share of U.S. population); *Robinson v. Avanquest N. Am. Inc.*, 2015 U.S. Dist. LEXIS 4284, at *9-10 (N.D. Ill. Jan. 13, 2015) (accepting defendant's "representative indicator" of damages calculated by using Illinois' percentage of population in the United States to estimate sales of software in Illinois).

33. Nestlé does not track sales of Lean Cuisine products by state. However, as described in the concurrently filed Declaration of Evan Coleman ("Coleman Decl."), Nestlé does track national sales of its Lean Cuisine products by year. Coleman Decl. at ¶ 2. According to the U.S. Census, the national population in 2013 was approximately 315 million. The population of Missouri that year was approximately 6 million people, or roughly 1.9% of the national population. Applying that ratio to the nationwide sales of Lean Cuisine during the alleged class period, sales of Lean Cuisine in Missouri exceed $8.5 million. Coleman Decl. at ¶ 3 (nationwide sales of $447,394,621 during the alleged class period). Thus, Nestlé sales of the challenged products in Missouri during the class period well exceeded the $5 million jurisdictional threshold.

34. Indeed, the amount in controversy is actually substantially greater than the total purchase price paid by the class because plaintiff seeks injunctive relief. *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (injunctive relief properly included in amount in controversy).

35. The value of injunctive relief is evaluated "not [based on] how a plaintiff subjectively values a right" but based on "the actual value of the object of the suit." *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1019 (8th Cir. 2010). When measuring the value of injunctive relief for CAFA jurisdictional purposes, courts in this Circuit consider the cost to a defendant of complying with an injunction in determining the amount in controversy. *See*

8

*Adams v. Am. Family Mut. Ins. Co.*, 981 F. Supp. 2d 837, 849-51 (S.D. Iowa 2013); *Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 930-31 (E.D. Ark. 2008).

36. Plaintiff explicitly seeks injunctive relief in the form of "corrective changes to the packaging and advertising of the Products." Ex. B at ¶ 8.

37. The relief sought by plaintiff would entail: 1) destroying packaging currently in stores and held by Nestlé; 2) redesigning the packaging of the product; and 3) corrective advertising. To ensure compliance with such injunctive relief, Nestlé would need to change its packaging nationwide.

38. Plaintiff also seeks reasonable attorney's fees and costs, which are available under Mo. Rev. Stat. § 407.025.1. Ex. B at Prayer for Relief; *Harrington Enterprises, Inc. v. Safety-Kleen Sys., Inc.*, 42 F. Supp. 3d 1197, 1199 (W.D. Mo. 2013) (statutory attorney's fees properly included in amount in controversy). "While the Eighth Circuit has not yet addressed the issue, the majority of district courts within this circuit have held that attorney fees incurred post-removal are includable in the amount in controversy calculation so long as they are reasonable." *McNamee*, 2016 WL 827942, at *2 (internal quotation marks omitted). As courts have recognized, "[f]ees could be as much as thirty percent of the judgment." *See, e.g.*, *Federico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).

39. Based on Nestlé's potential liability for damages, injunctive relief, and attorney's fees, the amount in controversy far exceeds $5,000,000.

### 4. No Exception Applies to Defeat CAFA Jurisdiction

40. Neither CAFA's "local controversy" nor its "home state" exceptions apply to this case. The local controversy exception only applies if the case involves at least one in-state defendant from whom significant relief is sought. 28 U.S.C. § 1332(d)(4)(A)(ii); s*ee also*

9

*O'Shaughnessy v. Cypress Media, L.L.C.*, 2014 WL 1791065, at *5 (W.D. Mo. May 6, 2014) (local controversy exception did not apply where only defendant was not a Missouri citizen).

41. For the home state exception to apply, all primary defendants must be citizens of the state in which the case is filed. 28 U.S.C. § 1332(d)(B); *see also Sundy v. Renewable Envtl. Sols., L.L.C.*, 2007 WL 2994348, at *4 (W.D. Mo. Oct. 10, 2007). As discussed *infra*, Nestlé, the sole defendant, is not a citizen of Missouri, and therefore this exception does not apply either.

## VII. RESERVATION OF RIGHTS AND REQUEST FOR ADDITIONAL BRIEFING

42. By removing this matter, Nestlé does not waive and, to the contrary, reserves any rights it may have, including, without limitation, all available arguments and affirmative defenses. Nestlé does not concede that class certification is appropriate or that plaintiff is entitled to any recovery whatsoever. However, the question is not whether class certification is appropriate or whether plaintiff will recover any amount for any particular time period. "[W]hen determining the amount in controversy, the question 'is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are.'" *Raskas*, 719 F.3d at 887 (internal citation and quotation marks omitted).

43. In the event that plaintiff files a request to remand, or the Court considers remand *sua sponte*, Nestlé respectfully requests the opportunity to submit additional argument and/or evidence in support of removal.

## VIII. CONCLUSION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Nestlé hereby removes the above-captioned action from the Circuit Court for Jackson County, Missouri, to the United States District Court for the Western District of Missouri, Western Division.

10

Case 4:17-cv-00033-RK    Document 1    Filed 01/18/17    Page 10 of 12

Date: January 18, 2017                    Respectfully submitted,

/s/ James T. Wicks
Robert M. Thompson (MO #38156)
James T. Wicks (MO #60409)
BRYAN CAVE LLP
One Kansas City Place
1200 Main Street, Suite 3800
Kansas City, MO 64105
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
rmthompson@bryancave.com
james.wicks@bryancave.com

Attorneys for Defendants

Carmine Zarlenga (*pro hac vice motion to be filed*)
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006
Tel: +1-202-263-3000
Fax: +1-202-263-3300
czarlenga@mayerbrown.com

Dale Giali (*pro hac vice motion to be filed*)
Mayer Brown LLP
350 S. Grand Avenue, Suite 2500
Los Angeles, CA 90071
T: 213-229-9500
F: 213-625-0248
dgiali@mayerbrown.com

Of Counsel

## CERTIFICATION

      I hereby certify that, on January 18, 2017, a copy of the above and foregoing was served *via* United States mail, first-class postage prepaid, addressed to the following counsel of record:

Jared A. Rose
The Law Office of Jared A. Rose
919 West 47th Street
Kansas City, Missouri 64112

David L. Marcus
Bartle & Marcus, LLC
116 W. 47th Street, Suite 200
Kansas City, Missouri 64112

                                            /s/ James T. Wicks
                                            Attorney for Defendants